Jose Eduardo RIVERA–
RODAS, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 14–72412.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2016.*

Filed March 22, 2016.

Ramin Ghashghaei, Attorney at Law,
Los Angeles, CA, for Petitioner.

Kate Deboer Balaban, Esquire, Trial,
Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the
Chief Counsel Department of Homeland
Security, San Francisco, CA, for Respondent.

Before: GOODWIN, LEAVY, and
CHRISTEN, Circuit Judges.

## MEMORANDUM **

Jose Eduardo Rivera–Rodas, a native
and citizen of El Salvador, petitions for
review of the Board of Immigration Appeals' ("BIA") order denying his motion to
reconsider. Our jurisdiction is governed
by 8 U.S.C. § 1252. We review for abuse
of discretion the denial of a motion to
reconsider, and review de novo questions
of law, including claims of due process
violations due to ineffective assistance of
counsel. *Mohammed v. Gonzales*, 400
F.3d 785, 791–92 (9th Cir.2005). We deny
in part and dismiss in part the petition for
review.

The BIA did not abuse its discretion in
denying Rivera–Rodas' motion to reconsider where the motion failed to identify any
error of fact or law in the BIA's prior
order. *See* 8 C.F.R. § 1003.2(b)(1); *Mohammed*, 400 F.3d at 791 (the court reverses the denial of a motion to reconsider
only if the BIA acted "arbitrarily, irrationally, or contrary to law"). The immigration judge ("IJ") advised Rivera–Rodas of
his right to retain counsel and of the availability of free legal services, but he chose
to proceed pro se at his hearing. Accordingly, the BIA did not err in finding that
Rivera–Rodas failed to provide sufficient
evidence to support a claim for ineffective
assistance of counsel warranting equitable
tolling of the filing deadline. *See Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th
Cir.2008) (holding that when "an individual
chooses not to retain an attorney, and
instead knowingly relies on assistance
from individuals not authorized to practice
law, such a voluntary choice will not support a due process claim based on ineffective assistance of counsel" (footnote omitted)).

The BIA did not fail to address Rivera–
Rodas' "pro se ineffective assistance of
counsel claim," where it was not developed
in his motion to reopen and where the
BIA, in denying Rivera–Rodas' motion for
reconsideration, noted that Rivera–Rodas
had not met his evidentiary burden to
state a claim for ineffective assistance of
counsel. *Najmabadi v. Holder*, 597 F.3d
983, 990 (9th Cir.2010) ("[t]he [Board] does

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not have to write an exegesis on every contention." (internal citation omitted)).

Rivera–Rodas failed to exhaust before the BIA his contentions that the IJ failed to fully advise him of his right to counsel, or that Rivera–Rodas is due "equitable dispensation" of his 1997 deportation order. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir.2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.